Dear Mr. Dionisi:
You have requested an opinion from the Attorney General regarding the Louisiana Deferred Compensation Plan. You note that the plan was established in accordance with R.S. 42:1301-1308 and IRC Section 457, for the purpose of providing supplemental retirement income to employees and independent contractors of a Louisiana public employer, by offering such individuals the opportunity to defer a portion of their compensation into the Plan.
Currently, participants and employers are utilizing the Plan under the following scenarios:
 1. As a voluntary plan with employee only deferrals, separate from, and in addition to, a primary retirement plan or Social Security coverage.
 2. As a mandatory plan with employee only deferrals, in lieu of Social Security coverage (as per IRC Section 3121).
 3. As a mandatory plan with employee and employer contributions, in lieu of Social Security coverage (as per IRC Section 3121).
 4. As a voluntary plan with employee contributions and employer match, as a supplemental retirement arrangement, separate from, and in addition to, a primary retirement plan or Social Security coverage.
You have requested our opinion concerning the following question:
 May a political subdivision (i.e., law enforcement district) establish a voluntary supplemental retirement plan with employee contributions and employer match, which plan: (1) would be separate from, and in addition to, a primary retirement plan or Social Security coverage, and (2) which would involve matching contributions by the employer on behalf of an employee (whether classified or unclassified) and on behalf of an elected or appointed official (whether serving at a prescribed compensation level or on a per diem basis)?
In answer to your question, we have reviewed the provisions of this state's statutory and constitutional laws, and have consulted with representatives of the Louisiana Department of Treasury, Division of Social Security, as well as representatives of the Internal Revenue Service, and can find no prohibition against the implementation by a political subdivision of a voluntary supplemental retirement plan with employee contributions and employer match which would be separate from, and in addition to, a primary retirement plan or Social Security coverage. We further note that this question was previously addressed by this office in Opinion Nos. 95-473, 95-65, 90-292 and 292-A. Therein, it was opined that, if the Plan constitutes an authorized pension program, voluntary and/or involuntary contributions made by an employer would not be prohibited under the Consitution [Constitution] and laws of this state. See Article VII, Section 14(B)(2).
Further, we see no prohibition for said plan to involve matching contributions by the employer on behalf of an employee and/or elected or appointed official, with one exception. It is axiomatic that if the salary and/or per diem of a public official or employee is fixed by statute, that salary and/or per diem constitutes the maximum that can be received by that official or employee. Under the plan contemplated in your request, since any matching contribution by an employer comprises additional compensation to the official or the employee, same would constitute an increase over and above that authorized and/or allowed by law. Consequently, the employer match for an official and/or employee whose salary and/or per diem are fixed by law, can only be implemented to the extent that it does not result in the official's or employee's total salary surpassing that allowed by law.
Extreme care should be taken by the political subdivision seeking to implement the plan that the total amount of employee contributions eligible for shelter does not exceed that allowable under federal law. Further, we recommend a review of any legislation enacted during the current Special Session which would impact our opinion. In this regard, we request that any questions pertaining to federal laws on the subject matter be referred to Tom Brisendine with the Office of Chief Counsel, Internal Revenue Service, (202) 622-6030. We further request that any questions pertaining to Social Security benefits be directed to Linda Yelverton, Department of the Treasury, Division of Social Security, (504) 342-0026.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General